EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Harry Arroyo Rosado | 2014 TSPR 89 191 DPR ____ |
|---|---|

Número del Caso: TS-4713

Fecha: 8 de julio de 2014

Materia: Conducta Profesional – La suspensión será efectiva el 16 de julio de 2014, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Harry Arroyo Rosado                    TS-4713

*PER CURIAM*

En San Juan, Puerto Rico, a 8 de julio de 2014.

Una vez más, nos vemos obligados a suspender a un miembro de la profesión jurídica por incumplir con su deber de actualizar su dirección en el Registro Único de Abogados y Abogadas (RUA) que mantiene este Tribunal. Por los fundamentos expuestos a continuación, se ordena la suspensión inmediata e indefinida del Lcdo. Harry Arroyo Rosado del ejercicio de la abogacía.

I.

El Lcdo. Harry Arroyo Rosado fue admitido al ejercicio de la abogacía el 19 de mayo de 1975. El 19 de marzo de 2013, la Directora del Programa de Educación Jurídica Continua, Lcda. Geisa M. Marrero

Martínez, nos informó que este no cumplió con los requisitos del Programa de Educación Jurídica Continua (Programa) para el periodo del 1 de marzo de 2007 al 28 de febrero de 2009.

Según su informe, el 3 de abril de 2009 se le envió al letrado un Aviso de Incumplimiento y se le otorgaron 60 días para completar los créditos requeridos. Ante su reiterado incumplimiento, el 23 de diciembre de 2010 se le envió una citación para una vista informal. Ya que la comunicación fue devuelta por el servicio postal, el personal del Programa intentó infructuosamente comunicarse con el licenciado por teléfono y fax. Todos los intentos de comunicación se hicieron utilizando la información que consta en el RUA. El licenciado Arroyo Rosado no compareció a la vista informal. Por ello, el asunto fue considerado por la Junta del Programa quien determinó referirlo a este Tribunal.

El 9 de mayo de 2013, le concedimos al letrado un término de veinte (20) días para que compareciera ante nos y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua. Surge del expediente que las comunicaciones enviadas a las dos direcciones del licenciado Arroyo Rosado que constan en RUA, ambas fuera de Puerto Rico, nos fueron devueltas por el correo y que, a esta fecha, no ha comparecido.

II.

Los Cánones de Ética Profesional imponen a los profesionales del derecho la obligación de "esforzarse para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Canon 2 de Ética Profesional, 4 L.P.R.A. Ap. IX C. 2. A tono con lo anterior, la Regla 6(a) del Reglamento de Educación Jurídica Continua, 4 L.P.R.A. Ap. XVII-D R. 6, establece que "[t]oda abogada o todo abogado activo deberá tomar por lo menos veinticuatro (24) horas crédito de educación jurídica continua en un período de dos (2) años".

Según la Regla 31 Reglamento del Programa de Educación Jurídica Continua, 4 L.P.R.A. Ap. XVII-E R.31, en casos de incumplimiento el Director o la Directora del Programa deberá citar al profesional del derecho a una vista informal. Si este no comparece a la vista, la Junta del Programa debe referir el asunto a este Tribunal. Regla 32(c) del Reglamento del Programa de Educación Jurídica Continua, *supra.*

Por otra parte, la Regla 9(j) del Reglamento de este foro, 4 L.P.R.A. Ap. XXI-B R. 9(j), establece que la Secretaria o el Secretario del Tribunal mantendrá un registro de todos los abogados, abogadas, notarios y notarias autorizados a ejercer la profesión en Puerto Rico. Paralelamente, impone a los profesionales del derecho la obligación de notificar oportunamente cualquier cambio de dirección, ya sea física o postal, a la Secretaría de este

Tribunal. Véase, además, <u>In re Serrallés III</u>, 119 D.P.R. 494 (1987).

A tales efectos, este Tribunal estableció el RUA, cuyo propósito principal es centralizar en una sola base de datos la información de las personas autorizadas en nuestra jurisdicción para ejercer la abogacía y la notaría. <u>In re Martínez Class</u>, 184 D.P.R. Ap. (2012); <u>In re Rodríguez Ramos</u>, 181 D.P.R. Ap. (2011). El 3 de junio de 2009, emitimos una Resolución en la cual ordenamos a todos los abogados y abogadas a revisar y actualizar sus direcciones en el RUA. <u>In re Rs. Proc.</u> <u>Civil y R.T. Supremo</u>, 179 D.P.R. 174 (2010). Se les advirtió que el incumplimiento con esa orden podría conllevar la imposición de sanciones disciplinarias.

En efecto, hemos suspendido a varios abogados por esta razón. <u>In re Rivera Trani</u>, 188 D.P.R. 454 (2013); <u>In re Toro Soto</u>, 181 D.P.R. 654 (2011); <u>In re Martínez Class</u>, *supra.*; <u>In re Rodríguez Ramos</u>, *supra.* Recordemos que cuando un abogado incumple con su deber de mantener al día su dirección, obstaculiza el ejercicio de la jurisdicción disciplinaria de este Tribunal y esto es suficiente para decretar su separación indefinida de la abogacía. <u>In re Toro Soto</u>, *supra*, pág. 661.

## III.

Como señalamos, el licenciado Arroyo Rosado no cumplió con el requisito bienal de educación jurídica continua. El Programa le envió un Aviso de Incumplimiento y le concedió un término adicional para cumplir. Posteriormente, intentó

citarlo a una vista informal. Las comunicaciones enviadas para esos fines fueron devueltas por el servicio postal. Ante la incomparecencia del licenciado a la vista informal, la Junta del Programa nos refirió el asunto. Concedimos al letrado un término para exponernos su posición. Sin embargo, la notificación de la Resolución fue devuelta.

De lo anterior se deduce que el licenciado Arroyo Rosado no cumplió con su deber de actualizar su información de contacto en el RUA. Este incumplimiento obstaculizó el ejercicio de nuestra jurisdicción disciplinaria en cuanto al procedimiento iniciado por el Programa. Por lo tanto, procede que lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía.

El licenciado deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, informará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Harry Arroyo Rosado                    TS-4713

SENTENCIA

En San Juan, Puerto Rico, a 8 de julio de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende al Lcdo. Harry Arroyo Rosado inmediata e indefinidamente del ejercicio de la abogacía.

El licenciado Arroyo Rosado deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, informará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo