EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Aura Del Castillo Del Valle | 2014 TSPR 126 <br><br> 191 DPR ____ |

Número del Caso: CP-2013-27

Fecha: 1 de octubre de 2014

Abogado de la Peticionaria:

      Lcda. Carmen M. Quiñones Núñez

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Karla Pacheco Álvarez
      Subprocuradora General

      Lcda. Amarilis Ramos Rodríguez
      Procuradora General Auxiliar

      Lcda. Milvia A. Rivera Rivera
      Procuradora General Auxiliar

Comisionado Especial:

      Hon. Carlos Dávila Vélez

Materia: <u>Conducta Profesional</u> – La suspensión será efectiva una vez advenga final y firme la sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Aura Del Castillo Del Valle          CP-2013-27        Conducta
                                                       Profesional

PER CURIAM

San Juan, Puerto Rico, a 1 de octubre de 2014.

En observancia del proceso establecido en la Regla 15 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15, y con el firme objetivo de mantener la confianza del Pueblo en la calidad de los servicios legales que recibe, nos vemos obligados a suspender indefinidamente de la abogacía a un miembro de la profesión.

A continuación, procedemos a esbozar el escenario fáctico y procesal que origina nuestro dictamen.

I

Este caso tuvo su génesis en el 2007 cuando la Lcda. Aura Del Castillo Del Valle[1] (licenciada Del Castillo o querellada) presentó una serie de querellas por hostigamiento sexual y acoso laboral en contra de varios fiscales, entre los cuales se encontraba el fiscal Wilson González Antongiorgi y el fiscal Ariel H. Chico Juarbe. Durante ese tiempo, la licenciada Del Castillo también se desempeñaba como fiscal en el distrito de Arecibo. Es menester señalar que las reclamaciones incoadas por la licenciada Del Castillo no prosperaron, por lo que fueron archivadas o desestimadas por los foros correspondientes.

En el 2009, la licenciada Del Castillo presentó ante este Tribunal una queja ética en contra de los fiscales González Antongiorgi y Chico Juarbe y las licenciadas Ana A. Quintero Santiago e Inés del C. Carrau Martínez.[2] La licenciada Del Castillo alegó que los mencionados letrados incurrieron en hostigamiento, acoso laboral, acoso moral y persecución. Asimismo, arguyó que éstos entorpecieron su renominación como fiscal.

A raíz de lo anterior, el 12 de febrero de 2010, el fiscal González Antongiorgi presentó una queja ética en

_____

[1]La licenciada Del Castillo fue admitida al ejercicio de la abogacía el 30 de junio de 1993.

[2]Esta Queja fue identificada con el número AB-2009-302.

contra de la licenciada Del Castillo.[3] En esencia, el mencionado fiscal sostuvo que la licenciada Del Castillo falseó los hechos alegados en las diferentes reclamaciones incoadas en su contra. Del mismo modo, adujo que la querellada hizo falsas imputaciones sobre su persona al Sr. Samuel Álvarez, investigador de la Comisión de Nombramientos del Senado de Puerto Rico, que se encontraba evaluando su nominación al puesto de Fiscal de Distrito. Además, el fiscal González Antongiorgi señaló que en una vista ante el Senado, el señor Álvarez declaró bajo juramento la manera en que la licenciada Del Castillo quiso manipular el proceso de investigación y las imputaciones deshonrosas que hizo, las cuales se investigaron y resultaron ser falsas. Mediante Resolución dictada el 9 de abril de 2010, este Tribunal consolidó la queja presentada por el fiscal González Antongiorgi con la presentada por la licenciada Del Castillo.

El 23 de enero de 2012, la Oficina del Procurador General presentó ante este Tribunal un escrito intitulado *Informe del Procurador General*. En lo concerniente a la queja incoada por la licenciada Del Castillo, la Oficina del Procurador General concluyó que los asuntos planteados por ésta no constituyeron violaciones al Código de Ética Profesional, 4 LPRA Ap.

---

[3]Esta Queja fue identificada con el número AB-2010-28.

IX, que rige la práctica de la abogacía. Además, sostuvo que lo alegado por la licenciada Del Castillo se trató de un asunto administrativo que fue atendido y resuelto por las agencias correspondientes en las múltiples ocasiones en que se presentó. En vista de ello, recomendó el archivo de la queja ética. En cuanto a la queja presentada por el fiscal González Antongiorgi en contra de la licenciada Del Castillo, la Oficina del Procurador General determinó que la conducta de la mencionada licenciada pudo haber infringido el Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 35.

El 2 de mayo de 2012, la licenciada Del Castillo presentó un escrito intitulado *Contestación al informe del Procurador General; Solicitud de archivo de queja.* En éste, planteó que del expediente que sometió a la consideración de la Oficina del Procurador General no existe evidencia que apoye la recomendación emitida por ésta. Por tanto, adujo que la Oficina del Procurador General no cuenta con prueba clara, robusta y convincente para evidenciar el alegado incumplimiento del Canon 35. Ante ello, solicitó el archivo de la queja en su contra.

Examinado el informe de la Oficina del Procurador General y la contestación de la licenciada Del Castillo, mediante Resolución emitida el 13 de julio de 2012, este Tribunal archivó la queja en contra de los licenciados González Antongiorgi, Chico Juarbe, Quintero Santiago y

Carrau Martínez. A su vez, autorizamos a la Oficina del Procurador General a presentar la querella en contra de la licenciada Del Castillo.

A tono con el mandato de este Tribunal, el 6 de noviembre de 2013, la Oficina del Procurador General presentó la correspondiente Querella. En ésta, se le imputó a la licenciada Del Castillo violaciones a varios preceptos éticos. En particular, se alegó que la querellada contravino el Canon 29, 4 LPRA Ap. IX, C. 29, al hacer imputaciones falsas que afectaron el buen nombre del fiscal González Antongiorgi, así como de otros miembros de la profesión. La Oficina del Procurador General fundamentó su postura en que los foros que investigaron y examinaron las reclamaciones de la licenciada Del Castillo determinaron que éstas no procedían en Derecho y que no existía ápice de prueba en cuanto a las alegaciones presentadas.

Por su parte, la Oficina del Procurador General sostuvo que la querellada quebrantó los preceptos del Canon 35, 4 LPRA Ap. IX, C. 35. Arguyó que ésta demostró falta de sinceridad y honradez, en claro detrimento de la profesión legal. De acuerdo a la Oficina del Procurador General, la referida licenciada hizo alegaciones falsas y mintió bajo juramento ante los diversos foros administrativos en los cuales presentó las reseñadas reclamaciones.

Por último, la Oficina del Procurador General le imputó a la querellada haber infringido el Canon 38, 4 LPRA Ap. IX, C. 38. Adujo que la conducta desplegada por ésta durante los procedimientos administrativos demuestra que no se esforzó en exaltar el honor y la dignidad de su profesión.

Así las cosas, el 27 de noviembre de 2013, la licenciada Del Castillo presentó ante este Tribunal un escrito intitulado *Solicitud bajo la Regla 15 del Tribunal Supremo*. En éste, indicó que desde marzo de 2010 ha estado recibiendo tratamiento psiquiátrico por parte de la Dra. María A. Rodil Cuadrado. Por ello, acompañó a su escrito una evaluación psiquiátrica realizada el 23 de noviembre de 2010 por la aludida doctora. En esa evaluación se concluyó que a la licenciada Del Castillo le aquejan varias condiciones mentales o emocionales. Además, la querellada informó que fue declarada incapacitada por la Administración del Seguro Social Federal.

Del mismo modo, la licenciada Del Castillo incluyó en su solicitud una *Certificación de Tratamiento* suscrita el 26 de noviembre de 2013 por la doctora Rodil Cuadrado. Por medio de ésta, la doctora expresó que la prognosis de la licenciada Del Castillo es similar a la proyectada en la evaluación psiquiátrica de 23 de noviembre de 2010. Asimismo, la doctora Rodil Cuadrado informó que no vislumbra mejoría en la condición de la

licenciada Del Castillo, por lo que recomendó que ésta no realizara tareas relacionadas al ejercicio de la abogacía.

Ante lo señalado por la licenciada Del Castillo, el 13 de diciembre de 2013, emitimos una Resolución en la cual designamos al Hon. Carlos S. Dávila Vélez como Comisionado Especial (Comisionado). Ello, con el fin de recibir prueba en relación a la capacidad mental o emocional de la licenciada Del Castillo, incluyendo el testimonio pericial de un panel designado, según lo dispone la Regla 15(f), 4 LPRA Ap. XXI-B, R. 15(f). A su vez, ordenamos al Comisionado Especial rendir un informe dentro de los plazos establecidos en esta regla.

El 23 de diciembre de 2013, el Hon. Carlos S. Dávila Vélez aceptó la encomienda de actuar como Comisionado. Ante ello, requirió que tanto la querellada como la Oficina del Procurador General designaran un psiquiatra con el propósito de conformar el panel de tres médicos psiquiatras para examinar a la licenciada y ofrecer su testimonio pericial al Comisionado, según lo dicta la Regla 15(c), 4 LPRA Ap. XXI-B, R. 15(c). De esta forma, el Comisionado designó al Dr. Fernando Cabrera. Por su parte, la Oficina del Procurador General nombró al Dr. Raúl E. López y la licenciada Del Castillo designó a la Dra. Margarita T. Vargas López al referido panel.

El 13 de marzo de 2014, la Oficina del Procurador General presentó el informe rendido por el doctor López. Un día después, la licenciada Del Castillo presentó el informe preparado por la doctora Vargas López. Por su parte, el 16 de mayo de 2014, el doctor Cabrera notificó a este Tribunal su informe psiquiátrico. Cabe señalar que los informes presentados por los tres médicos psiquiatras son concluyentes en cuanto a que la licenciada Del Castillo sufre de condiciones mentales o emocionales, que le dificultan realizar las funciones propias de la profesión de la abogacía y cumplir con las responsabilidades que ello requiere.

Luego de obtenidos los correspondientes informes, el 19 de mayo de 2014, el Comisionado emitió una Orden en la cual pautó una vista para el 1 de julio de 2014. En su Orden, el Comisionado informó que en la referida vista se podía presentar evidencia testifical y documental, objeciones a los informes, así como interrogar y contrainterrogar a los integrantes del panel.

El 5 de junio de 2014, la querellada y la Oficina del Procurador General comparecieron en conjunto ante el Comisionado mediante *Moción en cumplimiento de orden*. En la moción se indicó que la querellada conoce el contenido de las evaluaciones realizadas y que desea que el asunto quede sometido a base de éstas. Habida cuenta de que las partes están de acuerdo en que las tres

evaluaciones psiquiátricas son concluyentes y unánimes en relación al asunto particular, indicaron que la vista pautada no debía realizarse. Así las cosas, el Comisionado dejó sin efecto la vista señalada.

Sometido el asunto ante la consideración del Comisionado, éste recomienda que determinemos que la licenciada Del Castillo se encuentra emocionalmente incapacitada para ejercer la práctica de la abogacía. Por tanto, aconseja que la suspendamos indefinidamente, como una medida de protección social, al amparo de la mencionada Regla 15 de este Tribunal.

## II

A tenor con su poder inherente de regular la profesión, este Tribunal tiene la encomienda de procurar el buen funcionamiento del Poder Judicial y, por consiguiente, velar porque todos los miembros admitidos al ejercicio de la abogacía ejerzan sus funciones de forma competente y diligente. *In re* Rodríguez Amaro, res. el 8 agosto de 2013, 2013 TSPR 97, pág. 6, 189 DPR ___ (2013); *In re* López Morales, 184 DPR 334, 347 (2012); *In re* Gutiérrez Santiago, 179 DPR 739, 743 (2010). En vista de que la práctica de la abogacía está revestida de un alto interés público, su ejercicio debe estar sujeto a parámetros más estrictos. *In re* De León Hernández, 187 DPR 1, 8 (2012). Es por ello que se deben tomar medidas cuando un miembro de la profesión enfrenta una condición mental o emocional que le dificulta el

ejercicio cabal y adecuado de las funciones propias de su profesión. Íd., págs. 7-8; *In re Garrastegui Pellicia*, 183 DPR 251, 256 (2011). En repetidas ocasiones hemos expresado que cuando la condición mental o emocional de un miembro de la profesión no le permite ejercer cabalmente las funciones y deberes propios de la abogacía, procede su suspensión indefinida mientras subsista su incapacidad. *In re* De León Hernández, *supra*, pág. 7; *In re Garrastegui Pellicia*, *supra*, pág. 257; *In re* Valentín Maldonado, 178 DPR 906, 911 (2010). Véase, además, 4 LPRA Ap. XXI-B, R. 15(a).

A tales efectos, la citada Regla 15 del Reglamento del Tribunal Supremo dispone un procedimiento particular para examinar los casos de aquellos letrados que enfrentan alguna condición mental o emocional, que les impide desempeñarse de forma competente o mantener una conducta en conformidad con los cánones éticos que regulan la profesión. *In re* Rodríguez Amaro, *supra*, pág. 6. Véase, S. Steidel Figueroa, *Ética y responsabilidad disciplinaria del abogado*, San Juan, Publicaciones JTS, 2010, p. 373.

En lo que atañe al asunto ante nuestra consideración, la Regla 15(f), 4 LPRA Ap. XXI-B, R. 15(f), establece que si durante el transcurso de los procedimientos disciplinarios la parte querellada planteara la defensa de incapacidad mental, este Tribunal debe nombrar un Comisionado Especial. A tales

fines, el Comisionado recibirá prueba de un panel de tres médicos psiquiatras que evaluarán a la parte querellada. Estos médicos serán designados por el Comisionado, la Oficina del Procurador General y la parte querellada. 4 LPRA AP. XXI-B, R. 15(c). El Comisionado queda facultado para citar a vistas y recibir y analizar la prueba que presenten las partes, incluyendo el examen de los informes que los tres peritos le realicen a la parte querellada. Las partes pueden renunciar a la vista señalada por el Comisionado y someter el asunto ante éste a base de los informes de los peritos. Íd.

Una vez sometidos los respectivos informes psiquiátricos, el Comisionado rendirá un informe con sus recomendaciones para que este Tribunal tome la determinación que corresponda. De este Tribunal decretar que la parte querellada no está mentalmente incapacitada, se ordenará la continuación de los procedimientos disciplinarios. 4 LPRA AP. XXI-B, R. 15(f).

De otra parte, si esta Curia dictamina que la parte querellada está mentalmente incapacitada, debe suspenderla indefinidamente del ejercicio de la abogacía. 4 LPRA AP. XXI-B, R. 15(g). Hacemos hincapié en que tal proceder no es considerado un desaforo; es más bien una medida de protección social. Íd; Véanse, *In re* Rodríguez Amaro, *supra*, págs. 6-7; *In re* López

Morales, *supra*, pág. 347; <u>*In re* Garrastegui Pellicia</u>, *supra*, pág. 257; <u>*In re* Hernández Rodríguez</u>, 181 DPR 643, 652 (2011); <u>*In re* Costa del Moral</u>, 164 DPR 943, 945 (2005).

## III

En el caso de epígrafe, la licenciada Del Castillo *motu proprio* solicitó el remedio adoptado por este Tribunal. Expresamente, reconoció que le aquejan varias condiciones que le imposibilitan ejercer la profesión. Efectivamente, los tres médicos psiquiatras que configuraron el panel coinciden en la condición mental o emocional que en la actualidad aqueja a la licenciada Del Castillo. La conclusión emitida por éstos no fue cuestionada por ninguna de las partes ante el Comisionado que dirigió los procedimientos de rigor. Por tanto, ha quedado establecido que la licenciada Del Castillo está impedida de ejercer la práctica de la abogacía por motivo de su condición mental o emocional. Ante este escenario y cumplido el proceso dispuesto en la Regla 15, es forzoso que ejerzamos nuestra facultad reguladora de la profesión.

## IV

En virtud de los fundamentos que anteceden, y luego de examinar los informes correspondientes, acogemos la recomendación emitida por el Comisionado Especial. En consecuencia, nos vemos obligados a suspender indefinidamente del ejercicio de la abogacía a la Lcda.

Aura Del Castillo Del Valle, hasta tanto ésta pueda acreditar que se encuentra capacitada para ejercerla nuevamente. Reiteramos que este dictamen no constituye un desaforo, sino una medida de protección social.

Asimismo, se le impone a la licenciada Del Castillo el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Lcda. Aura Del Castillo Del Valle por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Aura Del Castillo Del Valle          CP-2013-27          Conducta
                                                         Profesional


SENTENCIA


San Juan, Puerto Rico, a 1 de octubre de 2014.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se acoge la recomendación emitida por el Comisionado Especial. En consecuencia, se suspende indefinidamente del ejercicio de la abogacía a la Lcda. Aura Del Castillo Del Valle, hasta tanto ésta pueda acreditar que se encuentra capacitada para ejercerla nuevamente. Reiteramos que este dictamen no constituye un desaforo, sino una medida de protección social.

Asimismo, se le impone a la licenciada Del Castillo el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a

partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Lcda. Aura Del Castillo Del Valle por la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal, Interina. La Juez Asociada señora Rodríguez Rodríguez no intervino. El Juez Asociado señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez están inhibidos.


Camelia Montilla Alvarado
Secretaria del Tribunal Supremo, Interina