EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> José Luis Hernández Velázquez | 2015 TSPR 72 <br><br> 192 DPR ____ |

Número del Caso: TS-5654

Fecha: 8 de abril de 2015

Programa de Educación Jurídica Continua:

   Lcda. Geisa Marrero Martínez
   Directora Ejecutiva

Materia: Conducta Profesional- La suspensión del abogado será efectiva el 8 de abril de 2015, fecha en que se depositó en el correo la notificación de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

José Luis Hernández Velázquez          TS-5654

*PER CURIAM*

En San Juan, Puerto Rico, a 8 de abril de 2015.

I

El Lcdo. José Luis Hernández Velázquez fue admitido al ejercicio de la abogacía el 31 de octubre de 1977 y a la notaría el 13 de diciembre de 1977. El 7 de octubre de 1981, el licenciado Hernández Velázquez fue suspendido del ejercicio de la notaría por deficiencias en su obra notarial.

El 12 de febrero de 2014, la Directora del Programa de Educación Jurídica Continua (PEJC) nos informó que el licenciado Hernández Velázquez había incumplido con los requisitos reglamentarios de educación jurídica continua durante el periodo del

1 de abril de 2007 al 31 de marzo de 2009.[1]

El PEJC refirió el asunto ante este Tribunal debido a la actitud pasiva demostrada por el licenciado frente a los requisitos de educación jurídica continua, no obstante haberle concedido tiempo suficiente para completar los mismos y la oportunidad de ser oído. La Directora del PEJC indicó que al momento de enviarle al licenciado las notificaciones de incumplimiento y citación a vista informal, descansó en la información personal de éste que consta en el Registro Único de Abogados y Abogadas de Puerto Rico (RÚA).

Según surge del *Informe sobre Cumplimiento con Requisito de Educación Jurídica Continua (Incomparecencia a vista informal)* y de los documentos presentados por la Directora, el 4 de mayo  de 2009 el PEJC envió por correo al licenciado Hernández Velázquez un Aviso de Incumplimiento en el que le notificó su incumplimiento con los requisitos de educación jurídica continua; le impuso el pago de una cuota de cincuenta (50) dólares; le concedió un término de  sesenta (60) días para completar los cursos exigidos o acreditar su cumplimiento; y le apercibió que, de no acreditar el cumplimiento con los cursos y el pago de la cuota, sería citado a una vista informal.

---

[1] Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D.

Transcurridos casi dos años desde que expiró el periodo de cumplimiento, el licenciado Hernández Velázquez no presentó evidencia de haber completado los cursos de educación jurídica continua y tampoco pagó la cuota. Como consecuencia, el 21 de enero de 2011 el PEJC envió por correo una citación a vista informal en la que apercibió al abogado que, de no comparecer a expresar las razones por su incumplimiento, el asunto sería referido al Tribunal Supremo.[3] La citación fue devuelta al remitente luego de que el servicio postal intentara diligenciar infructuosamente la carta.[4] Por ello, el 9 de febrero de 2011 el PEJC reenvió la citación a vista informal a través del correo electrónico del abogado registrado en el RÚA. El licenciado Hernández Velázquez no compareció a la vista informal.

Atendiendo el Informe presentado por el Programa, el 28 de febrero de 2014 le concedimos al licenciado Hernández Velázquez un término de veinte (20) días para que mostrara causa por la cual no debiera ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. Enviamos al licenciado Hernández Velázquez nuestra Resolución por

---

[3] La Citación a Vista a celebrarse el 25 de febrero de 2011 fue enviada por correo a la dirección postal del licenciado Hernández Velázquez que surge del RÚA.

[4] El sello del servicio postal ponchado en el sobre devuelto indica: ATTEMPTED, NOT KNOWN.

correo certificado a su dirección postal según aparece registrada en el RÚA. El servicio de correo postal devolvió la carta.[5]

Al presente, el licenciado Hernández Velázquez aparece activo en el RÚA como abogado. La dirección postal disponible es aquélla de donde el servicio de correo ha devuelto la correspondencia enviada por este Tribunal y el PEJC. Además, el licenciado no ha respondido a los avisos y citaciones que el PEJC le ha enviado por el correo electrónico que aparece registrado.

II

El Canon 2 del Código de Ética Profesional dispone que los abogados tienen el deber de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional" con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona".[6] Cónsono con lo anterior, este Tribunal adoptó el Reglamento de Educación Jurídica Continua de 1998 (Reglamento de 1998) con el propósito de establecer un programa de educación jurídica obligatoria que aliente y contribuya al mejoramiento profesional.[7] El mismo requiere que los abogados activos aprueben por lo menos veinticuatro

---

[5] La Resolución fue notificada el 5 de marzo de 2014 a la dirección postal registrada en el RÚA. El sello del servicio postal ponchado en el sobre devuelto indica: ATTEMPTED, NOT KNOWN.

[6] 4 LPRA Ap. IX, C. 2.

[7] 4 LPRA Ap. XVII-D, Regla 1.

(24) horas crédito en cursos acreditables cada dos (2) años.[8]

Los abogados y abogadas tienen el deber de presentar ante la Junta de Educación Jurídica Continua un informe que acredite el cumplimiento con el mínimo de horas crédito a más tardar a los 30 días subsiguientes de finalizado cada periodo de cumplimiento.[9] En el caso de que el abogado o abogada cumpla tardíamente con los requisitos de educación jurídica continua, deberá presentar un informe explicando las razones que justifiquen su tardanza y pagar una cuota.[10] Ahora bien, si el abogado incumpliera con sus obligaciones, el Director de la Junta le citará a una vista informal en la que podrá presentar prueba que justifique las razones de su proceder.[11] Si el abogado o abogada no compareciere, el asunto será remitido a este Tribunal.[12] Anteriormente, este Tribunal ha disciplinado profesionalmente a abogados que han desatendido los requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua.[13]

---

[8] 4 LPRA Ap. XVII-D, Regla 6. Véase además, Regla 5(9) del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento de 2005), 4 LPRA Ap. XVII-E.

[9] Regla 28 del Reglamento de 2005, *supra*. Véase *In re* Luis Paisán, 190 DPR 1 (2014).

[10] Regla 30 del Reglamento de 2005, *supra*.

[11] Regla 31 del Reglamento de 2005, *supra*.

[12] Regla 32 del Reglamento de 2005, *supra*. Véase, además, Regla 9 del Reglamento de 1998.

[13] *In re* Luis Paisán, *supra*; *In re* Camacho Hernández, 188 DPR 739 (2013).

Por otro lado, la regla 9(j) del Reglamento del Tribunal Supremo impone a los abogados la obligación de mantener actualizados en el Registro Único de Abogados y Abogadas de Puerto Rico (RÚA) sus datos personales, la dirección física y postal tanto de su oficina como de su residencia, y el correo electrónico, entre otros.[14] Es deber de los abogados y notarios avisar oportunamente cualquier cambio en su dirección postal o física a este Tribunal.[15] El abogado deberá, además, designar una de las direcciones para recibir las notificaciones del Tribunal.[16] Cuando un abogado incumple con su deber de mantener al día su dirección, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y el incumplimiento con ese deber es suficiente para decretar la separación indefinida del abogado de la profesión.[17]

Por último, en reiteradas ocasiones hemos recordado a los miembros de la profesión legal que tienen el deber de contestar con diligencia los requerimientos de este Tribunal relacionados con su práctica profesional.[18] Ello

---

[14] 4 LPRA Ap. XXI-B.

[15] *In re* Arroyo Rosado, 2014 TSPR 89, 192 DPR __ (2014).

[16] 4 LPRA Ap. XXI-B. Véanse, además, las reglas 65.3 y 67.2 de Procedimiento Civil que proveen para que las notificaciones sobre órdenes, resoluciones y sentencias sean notificadas a los abogados y a las abogadas a la dirección que conste en el registro del Tribunal Supremo, 32 LPRA Ap. V.

[17] *In re* Arroyo Rosado, *supra*.

[18] Véanse, por ejemplo: *In re* Vera Vélez, 2015 TSPR 7, 192 DPR __ (2015); *In re* Del Castillo Del Valle, 2014 TSPR 126,

tiene que hacerse prontamente, independientemente de los méritos de las quejas presentadas en su contra.[19] No hacerlo constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 de Ética Profesional, que dicta: "El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[20]

Al respecto, hemos enfatizado que la naturaleza de la función de abogado requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional.[21] La dejadez es incompatible con el ejercicio de la abogacía y cuando un abogado se muestra indiferente ante los apercibimientos de sanciones disciplinarias por no comparecer ante este Tribunal, procede su suspensión inmediata de la profesión.[22]

III

Los esfuerzos realizados por el PEJC y este Tribunal para contactar al licenciado Hernández Velázquez desde el año 2009 han resultado infructuosos porque su información personal en el RÚA no está actualizada. Esto ha obstaculizado nuestra facultad disciplinaria y constituye

---

191 DPR __ (2014); *In re* Mendoza Ramírez, 188 DPR 244 (2013).

[19] *In re* Irizarry Irizarry, 190 DPR 368, 374 (2014).

[20] Canon 9, Código de Ética Profesional, 4 LPRA Ap. IX, C. 9. Véanse: *In re* Irizarry Irizarry, *supra*, pág. 374.

[21] *In re* Vera Vélez, *supra*; *In re* Irizarry Irizarry, *supra*, pág. 374.

[22] *In re* Vera Vélez, *supra*; *In re* Bryan Picó, 2015 TSPR 10, 192 DPR __ (2015).

una violación a nuestras órdenes y a la regla 9(j) del Reglamento de este Tribunal. Como vimos, incumplir con dicho requerimiento es suficiente para suspender indefinidamente al abogado del ejercicio de la abogacía.

El letrado también ha incumplido con los requisitos de educación jurídica continua para el periodo comprendido desde el 1 de abril de 2007 hasta el 31 de marzo de 2009. Al momento, el licenciado Hernández Velázquez no ha acreditado el cumplimiento con las veinticuatro horas crédito para ese periodo, aun habiéndole concedido amplia oportunidad para hacerlo. Además, aun cuando no se le ha notificado formalmente, el PEJC certifica que el licenciado ha incumplido con los periodos comprendidos desde el 1 de abril de 2009 hasta el 31 de marzo de 2011 y desde el 1 de abril de 2011 hasta el 31 de marzo de 2013.

Lo anterior nos lleva a decretar la suspensión inmediata e indefinida del licenciado José Luis Hernández Velázquez del ejercicio de la abogacía. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José Luis Hernández Velázquez                TS-5654

SENTENCIA

En San Juan, Puerto Rico, a 8 de abril de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende al Lcdo. José Luis Hernández Velázquez inmediata e indefinidamente del ejercicio de la abogacía.

Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo