EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Edwin L. Bello Rivera | 2015 TSPR 44<br><br>192 DPR ____ |

Número del Caso: TS-8977


Fecha: 6 de abril de 2015


Programa de Educación Jurídica Continua:

      Lcda. Geisa Marrero
      Director Ejecutiva



Materia: La suspensión será efectiva el 21 de abril de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | |
|---|---|
| Edwin L. Bello Rivera | TS-8977 |

*PER CURIAM*

San Juan, Puerto Rico, a 6 de abril de 2015

I

El Lcdo. Edwin L. Bello Rivera fue admitido al ejercicio de la abogacía el 1 de julio de 1988 y al de la notaría el 22 de agosto de 1989. El 12 de febrero de 2014, la directora del Programa de Educación Jurídica Continua (Programa), Lcda. Geisa M. Marrero Martínez, en representación de la Junta de Educación Jurídica Continua, compareció ante este Tribunal mediante moción intitulada *Informe sobre incumplimiento con requisito de educación jurídica continua*. En ésta, se informa que el licenciado Bello Rivera incumplió con los requisitos del referido Programa durante el periodo comprendido entre el 1 de abril de 2007 y el 31 de marzo de 2009. A pesar de las diversas comunicaciones que le fueran cursadas, y de la celebración de una vista informal –en la cual se le otorgó una prórroga para que cumpliera con los requisitos del Programa–, el licenciado Bello Rivera hizo caso omiso.

Así, el 11 de enero de 2013, el Programa le envió una comunicación adicional al licenciado Bello Rivera apercibiéndole que la prórroga que le fuera otorgada había vencido. Esta comunicación fue notificada a la dirección del licenciado, según registrada en el Registro Único de Abogados y Abogadas (RUA), mas fue devuelta por el servicio postal, dado que el destinatario ya no se encontraba en esa dirección. Por tanto, el Programa procedió a notificarle nuevamente a otra dirección que surgía del RUA. El licenciado Bello Rivera, sin embargo, no contestó. Por todo lo anterior, la directora del Programa le solicitó a este Tribunal que, en atención al reiterado incumplimiento del licenciado Bello Rivera, le concediera a éste un término final para subsanar sus deficiencias respecto al Programa. El 28 de febrero de 2014, este Tribunal emitió una resolución concediéndole al licenciado Bello Rivera un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el Programa cuando le fue requerido.

Posteriormente, este Tribunal pudo comunicarse con el licenciado Bello Rivera y constatar que éste se había trasladado a la Florida. En consecuencia, se procedió a enviarle copia de la resolución por correo electrónico y hacer las gestiones pertinentes para que se le notificara adecuadamente lo dispuesto por este Tribunal. Según surge del expediente, al día de hoy el licenciado Bello Rivera no

ha comparecido ante este Tribunal y ha desatendido nuestros requerimientos.

II

El Programa de Educación Jurídica Continua constituye, ante todo, una medida preventiva, que, además, busca estimular el desarrollo profesional de la clase togada y, a la vez, velar por que ésta actualice sus conocimientos en distintas áreas del Derecho. Por tal razón, "[e]l Reglamento del Programa de Educación Jurídica Continua establece que todo profesional del Derecho admitido al ejercicio de la abogacía y la notaría en Puerto Rico tiene el deber de cumplir los requisitos de educación jurídica continua, a menos que esté exento según las disposiciones de la Regla 4 de dicho Reglamento". *In re Grau Collazo*, 185 D.P.R. 938, 943 (2012). Véase *Reglamento del Programa de Educación Jurídica Continua*, 4 L.P.R.A. Ap. XVII-E, R. 4; *In re Camacho Hernández*, 188 D.P.R. 739, 742 (2013).

Después de todo, "[e]l Canon 2 del Código de Ética Profesional dispone que los abogados tienen el deber de 'mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional' con el 'fin de viabilizar el objetivo de representación legal adecuada para toda persona'". *In re Rivera Trani*, 188 D.P.R. 454, 458-59 (2013) (citas omitidas). Véase Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 2. En consecuencia, incumplir reiteradamente con los requisitos que impone el Programa será razón suficiente para que este

Tribunal ejerza su poder disciplinario. *In re Rivera Trani*, 188 D.P.R. en la pág. 459-60; *In re Grau Collazo*, 185 D.P.R. 938; *In re Ramírez Ferrer*, 183 D.P.R. 382 (2011); *Galarza Rodríguez, Ex parte*, 183 D.P.R. 228 (2011).

### III

De otra parte, en virtud de lo dispuesto en la Regla 9(j) de este Tribunal, las personas admitidas al ejercicio de la abogacía en nuestra jurisdicción tienen el deber indefectible de informar cualquier cambio en su dirección postal o física, con tal que se haga constar en el RUA. *In re Toro Soto*, 181 D.P.R. 654 (2011); *In re Grau Collazo*, 185 D.P.R. en la pág. 944. Reglamento del Tribunal Supremo de Puerto Rico (2011), 4 L.P.R.A. Ap. XXI-B, R. 9(j). "Cabe mencionar que nuestro énfasis en la importancia de que todo abogado mantenga al Tribunal al tanto de sus direcciones y de su información personal no es novel [sic]. En reiteradas ocasiones hemos señalado la gravedad que conlleva no notificar de manera inmediata a la Secretaría de este Tribunal de cualquier cambio ocurrido". *In re Camacho Hernández*, 188 D.P.R. 739, 743 (2013).

### IV

Por último, es preciso destacar que, en lo pertinente, el Canon 9 dispone que "[e]l abogado debe observar con los tribunales una conducta que se caracterice por el mayor respeto". Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9. Así, "[l] naturaleza de la función del abogado requiere de éste una escrupulosa atención y obediencia a las órdenes que emiten los tribunales". *In re Dávila Toro*,

179 D.P.R. 833, 840 (2010). "La indiferencia de un abogado al no atender nuestras órdenes . . . en casos disciplinarios, acarrea la imposición de severas sanciones disciplinarias". *In re Mélendez González*, 166 D.P.R. 196, 198 (2005). Véase, también, *In re Arroyo Rivera*, 161 D.P.R. 567 (2004); *In re Torres Torregrosa*, 161 D.P.R. 66 (2004); *In re Fernández Pacheco*, 152 D.P.R. 531 (2000); *In re Corujo Collazo*, 149 D.P.R. 857 (2000); *In re Ron Menéndez*, 149 D.P.R. 105 (1999), *In re Rivera Rodríguez*, 147 D.P.R. 917 (1999). Esto es, "[d]esatender las órdenes dictadas constituye una grave ofensa a la autoridad del tribunal en clara violación al mandato expreso del Canon 9". *In re Dávila Toro*, 179 D.P.R en la pág. 841 (citas omitidas). "Un abogado puede ser suspendido del ejercicio de la profesión cuando no atiende con diligencia y premura los requerimientos de este Tribunal". *In re Aponte Sánchez*, 178 D.P.R. 647, 649 (2010).

Más aún, dicho deber de diligencia y respeto no sólo se extiende a los tribunales propiamente, sino que ha de ser cabalmente observado en los tratos con sus funcionarios. Además, el mismo se extiende a las agencias administrativas y entidades tales como la Oficina de Inspección de Notarías. Véase, por ejemplo, *In re Piñeiro Vega*, 188 D.P.R. 77, 91 (2013). En otras ocasiones hemos disciplinado abogados que han desatendido los requerimientos hechos por la Junta del Programa de Educación Jurídica Continua. *In re Luis Pagán*, 190 D.P.R. 1, 7 (2014).

V

En el caso ante nuestra consideración, el licenciado Bello Rivera ha hecho caso omiso a los requerimientos que le hiciera la Junta del Programa de Educación Jurídica Continua a través de su Directora, así como a nuestra Resolución del día 28 de febrero de 2014. Asimismo, durante el proceso de notificación de los referidos requerimientos y la resolución, hemos advenido en conocimiento de que este abogado ha incumplido con el deber de mantener su información personal actualizada en el RUA.

En vista de lo anterior, se suspende inmediata e indefinidamente al licenciado Bello Rivera del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión *per curiam* y sentencia.

Finalmente, el alguacil de este Tribunal deberá incautar la obra y el sello notarial del abogado suspendido y entregarlos al director de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Edwin L. Bello Rivera

TS-8977

SENTENCIA

San Juan, Puerto Rico, a 6 de abril de 2015

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se suspende inmediata e indefinidamente al Lcdo. Edwin L. Bello Rivera del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión *per curiam* y sentencia.

Finalmente, el alguacil de este Tribunal deberá incautar la obra y el sello notarial del abogado suspendido y entregarlos al director de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo