EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Luis M. Guzmán Ortiz | 2015 TSPR 106 193 DPR ____ |

Número del Caso: TS-14,943

Fecha: 11 de junio de 2015

Programa de Educación Jurídica Continua:

Lcda. Geisa Marrero Martínez
Directora Ejecutiva

Materia: Conducta Profesional – La suspensión será efectiva el 9 de julio de 2015, fecha en que se le notificó al abogado por correo certificado con acuse de recibo de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Luis M. Guzmán Ortiz

TS-14943

PER CURIAM

En San Juan, Puerto Rico, a 11 de junio de 2015.

Nuevamente nos vemos la obligación de sancionar a un abogado por no cumplir con los requerimientos de este Tribunal y por fallar en mantener su información personal actualizada en el Registro Único de Abogados y Abogadas (RUA) según dicta la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XX1-B. Los hechos que nos motivan a ello son simples y se describen a continuación.

I

El 13 de julio de 2004 admitimos a la práctica de la abogacía al Lic. Luis M. Guzmán Ortiz. Tiempo después, el 12 de diciembre de 2014, la Directora

del Programa de Educación Jurídica Continua nos informó que este había incumplido con los requisitos de ese programa. Además, reseñó que los intentos para comunicarse con el letrado para que compareciera a una vista resultaron infructuosos.

Ante esa situación, el 12 de diciembre de 2014 emitimos una Resolución ordenándole al licenciado Guzmán Ortiz a que en el término de 20 días compareciera y mostrara causa por la cual no debíamos suspenderlo del ejercicio de la profesión por no cumplir con los requisitos de educación jurídica continua y por no comparecer cuando le fue requerido. La Secretaria del Tribunal Supremo notificó copia de esa Resolución mediante correo certificado a la dirección postal provista por el abogado en el RUA. No obstante, la misiva fue devuelta por el servicio de correo postal. Pasado un año sin que el licenciado compareciera ante esta Curia, dictamos otra Resolución concediéndole un término final de 15 días para que cumpliera con dicha orden. En esa ocasión ordenamos que fuera notificado personalmente. Sin embargo, luego de varias gestiones dirigidas a dar con el paradero del letrado, los alguaciles de este Tribunal nos presentaron un informe sobre diligenciamiento negativo. En este describieron todos los trámites que realizaron para contactar al licenciado Guzmán Ortiz, los cuales no rindieron fruto.

Expuesto el marco de hechos que precede, pasemos a discutir los fundamentos por los cuales decretamos la suspensión de este abogado.

II

En este caso los intentos de notificarle al licenciado Guzmán Ortiz las órdenes emitidas por esta Curia han sido fallidos ya que las direcciones físicas y postales que constan en el RUA y en su expediente personal no están actualizadas. En relación a esto, la Regla 9 (j) del Reglamento del Tribunal Supremo de 2011, supra, establece que **todo abogado tiene la obligación de mantener actualizados los datos e información que constan en el Registro Único de Abogados y Abogadas de Puerto Rico.** Es importante que todo abogado y abogada tenga presente que debe notificar a la Secretaria o Secretario del Tribunal Supremo cualquier cambio en los números de teléfono de oficina y personales, el número de fax, dirección postal personal y de oficina, dirección física de oficina y de residencia, localización de la oficina notarial (si la tiene), la dirección seleccionada por el abogado o la abogada para recibir las notificaciones y su dirección electrónica. Íd.

Las exigencias mencionadas cobran vigencia debido a la naturaleza de la profesión de la abogacía y la confianza pública depositada en quienes la ejercen. Además, el cumplimiento por parte de los abogados y abogadas con la Regla 9(j) le permite a esta Curia ejercer eficazmente la

responsabilidad de velar que los abogados ejecuten de manera ética sus compromisos profesionales. In re Sanabria Ortiz, 156 D.P.R. 345, 348-349 (2002). Es evidente que la omisión de mantener informado a este Tribunal respecto a los datos mencionados obstaculiza sustancialmente la canalización adecuada del ejercicio de nuestra jurisdicción disciplinaria. Íd. Véase también, In re Soto Colón, 155 D.P.R. 623 (2001).[1] Es por ello que no hemos vacilado en afirmar que incumplir con el deber de notificar la información de contacto es causa suficiente para decretar la separación indefinida del ejercicio de la profesión. In re Sanabria Ortiz, supra, pág. 349.

De igual forma hemos expresado que todo abogado tiene la obligación de observar rigurosamente los requerimientos de este Tribunal. In re Aponte Del Valle, 189 DPR 245, 249 (2013); In re Rivera Rosado, 180 DPR 698, 701 (2011); In re Morales Rodríguez, 179 DPR 766, 768 (2011). Esto es más patente durante los procesos disciplinarios. In re Montes Díaz, 184 DPR 90, 93-94(2011). El incumplimiento con esa obligación es altamente reprochable y puede acarrear la imposición de sanciones disciplinarias severas, incluyendo la suspensión inmediata de la profesión. Íd. Por consiguiente, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede

---

[1] Así por ejemplo, hemos afirmado que es intolerable que un abogado abandone nuestra jurisdicción sin informar su futura dirección, burlando así los procedimientos disciplinarios pendientes en su contra. In re Figueroa Abreu, 130 D.P.R. 504, 505 (1992).

suspenderlo inmediatamente del ejercicio de la profesión. In re Feliciano Jiménez, 176 DPR 234, 235 (2009); In re Arzón Rivera, 175 DPR 763, 765 (2009). En cuanto a esto hemos afirmado que:

> [e]ste Tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos finales y perentorios impuestos para cumplir con nuestras órdenes. El hecho de que esta Curia esté en disposición de conceder prórrogas para lograr el cumplimiento con nuestras órdenes, en aras de corregir deficiencias al ejercicio de la profesión legal, no impide nuestra función disciplinaria. Tampoco exonera al letrado de las consecuencias de las violaciones éticas en que incurra ante nuestro Foro. Bajo ningún concepto este Tribunal está vedado de auscultar si procede la suspensión de un miembro de nuestra profesión ante un trámite que demuestra un cúmulo de acciones dirigidas a dilatar y entorpecer los procedimientos en contravención al Canon 9 [de Ética Profesional]. In re Asencio Márquez, 183 DPR 659, 664 (2011).

III

En este caso queda claro que el licenciado Guzmán Ortiz no ha cumplido con el deber que le impone la Regla 9(j) del Reglamento del Tribunal Supremo, supra. Los intentos de notificarle las Resoluciones de este Tribunal y las comunicaciones cursadas por la Directora del Programa de Educación Jurídica Continua han sido infructuosos. Ciertamente, el hecho de que el licenciado Guzmán Ortiz no actualizó su información de contacto ha provocado dilaciones innecesarias en este procedimiento, situación que esta Curia no tolerará. Máxime, cuando en innumerables ocasiones hemos expresado la importancia que conlleva mantener estos datos actualizados debido a la naturaleza

pública de la función de la abogacía. Además, el licenciado Guzmán Ortiz ha incumplido con los requisitos de educación jurídica continua desde el 2012. Recuérdese que la educación continua es una exigencia que emana de nuestro poder para reglamentar la profesión legal. La misma tiene el propósito de que los abogados y abogadas ejerzan sus funciones de manera ética y con competencia y calidad. Por lo tanto, incumplir con estos requerimientos le falta el respeto a este Tribunal y atenta contra la ciudadanía en cuanto a la garantía que tiene de obtener servicios legales competentes que aseguren un acceso adecuado a la justicia. Véase, In re Piñeiro Vega, 188 D.P.R. 77(2013).

## IV

Por los fundamentos que anteceden, suspendemos indefinidamente de la práctica de la abogacía al Lcdo. Luis M. Guzmán Ortiz. En vista de lo anterior, le imponemos el deber de notificar a todos sus clientes su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Luis M. Guzmán Ortiz

TS- 14,943


SENTENCIA

En San Juan, Puerto Rico, a 11 de junio de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía al Lcdo. Luis M. Guzmán Ortiz por incumplir con los requisitos del Programa de Educación Jurídica Continua y no mantener su información de contacto actualizada según lo requiere la Regla 9(j) del Reglamento del Tribunal Supremo.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo