EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Harry A. Ezratty Samo<br>Richard F. Keeler Vázquez<br>Luz C. Cruz Vázquez | 2016 TSPR 19<br><br>194 DPR ____ |

Número del Caso: TS-3528
                 TS-4261
                 TS-4491


Fecha: 8 de enero de 2016


Programa de Educación Jurídica Continua

        Hon. Geisa Marrero Martínez
        Directora Ejecutiva


Materia: Conducta Profesional –

**TS-3528**
La suspensión será efectiva el **11 de enero de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata

**TS-4261**
La suspensión será efectiva el **4 de febrero de 2016,** fecha en que se le notificó por correo al abogado de su suspensión inmediata

**TS-4491**
La suspensión será efectiva el **13 de enero de 2016,** fecha en que se le notificó al abogado de su suspensión inmediata


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Harry A. Ezratty Samo | TS-3528 | |
| Richard F. Keeler Vázquez | TS-4261 | Conducta |
| Luz C. Cruz Vázquez | TS-4491 | Profesional |

***PER CURIAM***

En San Juan, Puerto Rico, a 8 de enero de 2016.

Los casos que reseñamos a continuación versan sobre el incumplimiento de ciertos letrados con las exigencias del Programa de Educación Jurídica Continua (PEJC o Programa). La inacción y el desdén de los abogados que sancionamos hoy, además de representar un desafío a la autoridad de este Tribunal, revelan su falta de compromiso para con los postulados éticos que aspiran alcanzar la excelencia en la profesión legal. Lo anterior, nos obliga a separarlos de la abogacía de forma inmediata e indefinida.

I

## A. In re: Harry A. Ezratty Samo, TS-3528

El Lcdo. Harry A. Ezratty Samo (licenciado Ezratty) fue admitido al ejercicio de la abogacía el 26 de junio de 1970.[1] Por no atender los requerimientos del PEJC, su Directora Ejecutiva, la Hon. Geisa M. Marrero Martínez (Directora), en representación de la Junta de la referida entidad, presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* el **10 de octubre de 2014**, mediante el cual detalló las faltas reglamentarias del abogado en los periodos comprendidos entre los años **2007 al 2013**.[2] Evaluado dicho documento, el **31 de octubre de 2014** le concedimos al letrado un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la

---

[1]    A pesar de este haber ejercido la notaría en nuestra jurisdicción desde que prestara juramento el 22 de julio de 1970, es pertinente señalar que el letrado cesó sus funciones notariales el 3 de febrero de 2006.

[2]    Según se desprende de los documentos que constan en autos, del primer periodo (1 de agosto de 2007 al 31 de julio de 2009), el Lcdo. Harry A. Ezratty Samo (licenciado Ezratty) tiene una insuficiencia de 4.00 créditos de ética.  Del segundo periodo (1 de agosto de 2009 al 31 de julio de 2011), le restan 9.00 créditos y del tercer periodo (1 de agosto de 2011 al 31 de julio de 2013) 24.00 créditos.  Tampoco ha satisfecho el pago de la cuota por cumplimiento tardío correspondiente al primer y tercer periodo, respectivamente.  El 5 de diciembre de 2011 el PEJC recibió un giro de $50.00 como pago de la susodicha cuota que fue adjudicado al segundo periodo incumplido.  De uno de los anejos de la *Moción en Cumplimiento de Resolución*, presentada el 23 de enero de 2015 por la Directora Ejecutiva del Programa de Educación Jurídica Continua (PEJC), Hon. Geisa M. Marrero Martínez (Directora), surge que el abogado tampoco ha completado los requisitos correspondientes a un cuarto periodo (1 de agosto de 2013 al 31 de julio de 2015).

El licenciado Ezratty se ausentó de la vista informal calendarizada para del 23 de septiembre de 2011.  Sin embargo, el 5 de octubre de ese mismo año presentó una comunicación solicitando tiempo adicional para subsanar su incumplimiento con las disposiciones reglamentarias del PEJC. Luego de que la entidad le concediera múltiples oportunidades para cumplir, el 13 de agosto de 2014 la Junta del PEJC aceptó la recomendación de su Directora de referir el historial de incumplimiento del letrado a nuestra consideración.

abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC.

El **21 de noviembre de 2014** el abogado presentó un escrito mediante el cual informó que estaba residiendo en el estado de Maryland y que interesaba que le acreditáramos cursos ofrecidos por organizaciones aprobadas en esa jurisdicción, ya que debido a su edad y situación económica, le resultaba oneroso trasladarse a Puerto Rico para participar de cursos presenciales. Tras evaluar dicho documento, así como la reacción de la Directora del PEJC, el **13 de febrero de 2015** emitimos una Resolución confiriéndole noventa (90) días para tomar los cursos y, a su vez, treinta (30) días para sufragar la cuota por cumplimiento tardío de los periodos **2007-2009** y **2011-2013**.

Como resultado de su incumplimiento, el **24 de junio de 2015** le concedimos un término final e improrrogable de sesenta (60) días para que acatara lo provisto en la Resolución anterior. Finalmente, le apercibimos que el incumplimiento conllevaría su suspensión inmediata e indefinida del ejercicio de la abogacía. Cabe destacar que, a la fecha de hoy, el licenciado Ezratty no ha respondido o acatado nuestras órdenes.

**B. In re: Richard F. Keeler Vázquez, TS-4261**

El Lcdo. Richard F. Keeler Vázquez (licenciado Keeler) fue admitido a la práctica legal el 26 de junio

de 1973. Cesó sus funciones notariales el 13 de enero de 1998.**³**

El **1 de octubre de 2015** la Directora del PEJC compareció ante este Tribunal, para presentar el *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* del abogado.**⁴** Las faltas señaladas en el documento comprenden los periodos del **2007 al 2009** y del **2012 al 2014.⁵**

En vista de lo anterior, el **30 de octubre de 2015** emitimos una Resolución concediéndole al letrado un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. El envío de dicha Resolución, notificada a la dirección postal que consta en el Registro Único de Abogados (RUA), fue devuelto el **10 de noviembre de 2015.⁶**

---

**³** Este fue admitido al notariado el 13 de julio de 1973. A pesar de haber cesado sus funciones notariales el 14 de junio de 1984, este Tribunal autorizó su readmisión a dicha práctica el 7 de septiembre de 1993.

**⁴** En consideración a la incomparecencia del Lcdo. Richard F. Keeler Vázquez a la vista informal citada para el 9 de noviembre de 2011 y a su reiterado incumplimiento con las exigencias reglamentarias de educación jurídica continua, la Junta del PEJC encomendó a su Directora presentar el caso ante este Foro.

**⁵** Respecto al periodo del 2010 al 2011, el 17 de julio de 2012 el PEJC emitió un certificado de exoneración de cumplimiento, luego de que el Colegio de Abogados de Puerto Rico certificara su estatus como inactivo. También, es importante señalar que el abogado pagó la sanción económica por cumplimiento tardío para el periodo de 2007 a 2009.

**⁶** En el sello que adhirió el Servicio Postal de los Estados Unidos consta una nota que reza: "*RETURN TO THE SENDER, ATTEMPTED- NOT KNOWN, UNABLE TO FOWARD*".

Es pertinente señalar que en el Registro Único de Abogados (RUA) no consta otra dirección que no sea el apartado postal al cual se le notificó

Hasta el presente, el licenciado Keeler no ha comparecido.

**C.   In re: Luz C. Cruz Vázquez, TS-4491**

La Lcda. Luz. C. Cruz Vázquez (licenciada Cruz),**7** tampoco cumplió con las disposiciones reglamentarias del PEJC, durante los periodos comprendidos entre el **2007** y el **2013**.**8**   En el correspondiente Informe presentado el **7 de mayo de 2015**, la Directora de dicha entidad plasmó cada una de las gestiones efectuadas por su oficina a fin de promover el cumplimiento de la abogada con la reglamentación aplicable.    En vista del reiterado incumplimiento y falta de comparecencia a las audiencias que fueran señaladas, el PEJC refirió el asunto a nuestra consideración.   A tenor con lo anterior, el **21 de julio de 2015** emitimos una Resolución, mediante la cual, además de tomar conocimiento respecto a la conducta de la licenciada Cruz, le conferimos 20 días para que mostrara causa por la cual no debía ser separada de la práctica de la abogacía por incumplir con las horas crédito de educación jurídica continua y por no comparecer ante el

---

la Resolución concernida.   La última vez que el letrado actualizó su dirección fue en el año 2009.

**7**    La Lcda. Luz C. Cruz Vázquez (licenciada Cruz) fue admitida a la práctica de la abogacía el 5 de junio de 1974.   Prestó juramento al ejercicio del notariado el 13 de agosto de 1974, pero cesó dichas funciones el 12 de agosto de 1980.

**8**    Los referidos periodos en incumplimiento comprenden del 1 de junio de 2007 al 31 de mayo de 2009, del 1 de junio de 2009 al 31 de mayo de 2011 y del 1 de junio de 2011 al 31 de mayo de 2013.   La licenciada Cruz, además, no efectuó el pagó de la cuota por cumplimiento tardío correspondiente a los años señalados.   Al igual que los casos anteriores, el suyo nos fue referido tras haber incumplido con las exigencias de educación jurídica continua y tras ausentarse a dos (2) audiencias celebradas el 10 de junio de 2011 y el 26 de febrero de 2014, respectivamente.

PEJC.[9]    Al presente, la letrada no ha respondido a nuestro requerimiento.

## II

### A.   Alto Grado de Excelencia y Competencia Profesional

El Canon 2 del Código de Ética Profesional impone a toda la comunidad legal el deber de alcanzar un alto grado de excelencia y competencia profesional, mediante su participación en programas educativos y académicos que propendan al mejoramiento de sus conocimientos, así como de sus destrezas en el campo del Derecho.[10]   4 LPRA Ap. IX, C. 2 (2012) (Canon 2).   Véanse, además, In re Cepero Rivera, *et al.*, 2015 TSPR 119, 193 DPR ___ (2015); In re Torres Estrada, 2015 TSPR 76, 193 DPR ___ (2015).   A tono con lo anterior, aprobamos, tanto el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, R. 1 *et seq.* (2012), como el Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-E, R. 1 *et seq.*

---

[9]    La Resolución concernida fue remitida a la dirección seleccionada para recibir notificaciones que aparece registrada en el RUA.   Debido a que el envío de dicha Resolución fuera devuelto por el Servicio Postal de los Estados Unidos, el 15 de septiembre de 2015 la Secretaría de este Tribunal notificó la Resolución a la dirección postal personal que figura en el RUA. No surge de los documentos que constan en autos que el segundo envío de la Resolución fuese devuelto.

[10]    El Canon 2 del Código de Ética Profesional dispone que:

A fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional[…].   4 LPRA Ap. IX, C.2 (2012).

(2012).[11]   De esta manera, delegamos en la Junta de la referida entidad la facultad de administrar y velar por el cumplimiento de la clase togada con los requisitos reglamentarios de educación jurídica continua.

En esencia, todo abogado admitido a este Foro, salvo contadas excepciones, está obligado a satisfacer las exigencias de educación jurídica continua.[12]   4 LPRA Ap. XVII-D, R. 2 (2012); 4 LPRA Ap. XVII-E, R. 4 (2012).   No obstante, en varias ocasiones nos hemos visto precisados a sancionar a ciertos letrados que no completan las 24 horas crédito de educación jurídica continua y que, además, hacen caso omiso a los requerimientos del Programa.[13]   In re López González, *et al.*, 2015 TSPR 107, 193 DPR ___ (2015).

La indiferencia de los abogados ante los requerimientos del PEJC, implica una carga a los recursos administrativos y económicos de ese programa.   In re Cepero Rivera, *et al.*, *supra*.   A su vez, demuestra una falta de compromiso que está directamente reñida con los

---

[11]   Es relevante mencionar que ambos textos reglamentarios fueron enmendados recientemente, mediante la Resolución ER-2015-03, el 15 de junio de 2015, 2015 TSPR 77, 193 DPR ___ (2015).

[12]   La disposición reglamentaria aplicable a los hechos exigía a todos los abogados activos y admitidos a la práctica en esta jurisdicción, tomar un mínimo de veinticuatro (24) horas créditos de educación jurídica continua **cada dos años.**   4 LPRA Ap. XVII-D, R. 6(a) (2012); 4 LPRA Ap. XVII-E, R. 28 (2012).   Asimismo, la versión anterior de la Regla 28 del Reglamento del PEJC, requería que todo profesional del Derecho presentara ante la Junta del mismo organismo, un informe acreditando dichas horas no más tarde de treinta (30) días siguientes a la terminación del periodo de cumplimiento.   4 LPRA Ap. XVII-E, R. 28 (2012).

[13]   Para detalles sobre el trámite administrativo del PEJC que surge a partir del incumplimiento de un abogado con las horas crédito de educación jurídica continua, véanse las Reglas 28-32, 4 LPRA Ap. XVII-E, R. 28-32 (2012), de la versión anterior del Reglamento de la entidad en cuestión.

deberes de excelencia y competencia que exige el Canon 2. Íd.

**B.  Conducta del Abogado ante los Tribunales y ante la Junta del PEJC**

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9 (2012) (Canon 9), dispone el estándar de conducta profesional de los abogados ante los tribunales. Así pues, corresponde a todos los letrados proceder ante la autoridad judicial con el máximo respeto. Canon 9. "La naturaleza de la función del abogado requiere de éste una escrupulosa atención y obediencia a las órdenes que emiten los tribunales". In re Dávila Toro, 179 DPR 833, 840 (2010). "De este precepto emana la ineludible obligación de los miembros de la profesión legal de responder oportunamente a los requerimientos de este Tribunal". In re Burgos González, 2015 TSPR 65, 192 DPR ___ (2015), a la pág. 6. Este deber de obediencia adquiere mayor preminencia cuando se trata de las órdenes de este Foro, particularmente durante el trámite de los asuntos disciplinarios. In re Torres Martínez, 2015 TSPR 64, 192 DPR ___ (2015).

Cuando un miembro de la profesión desatiende nuestras órdenes e ignora nuestros apercibimientos, denota un claro menosprecio hacia la autoridad de esta Curia que acarrea la suspensión inmediata e indefinida de la abogacía. In re Burgos González, supra; In re Torres Martínez, supra. Idéntica consecuencia supone el

incumplir con los requerimientos de entidades a las cuales le hemos delegado alguna función en la tarea de regular el ejercicio de la profesión, como lo son la Oficina de la Procuradora General, la Oficina de Inspección de Notarías y la Junta del PEJC. In re Bello Rivera, 2015 TSPR 44, 192 DPR ___ (2015); In re Ponce Ponce, 190 DPR 504 (2014).

**C. Actualización de la Información**

A tenor con la Regla 9(j) de nuestro Reglamento toda persona admitida a la práctica de la abogacía en nuestra jurisdicción viene obligado, en lo pertinente, a mantener actualizada en la base de datos del RUA la dirección postal y física de su oficina, de su residencia, así como la dirección seleccionada para recibir las notificaciones. 4 LPRA Ap. XXI-B, R. 9 (2012) (Regla 9(j)). Véanse, además, In re Bello Rivera, *supra*; In re Hernández Velázquez, 2015 TSPR 72, 192 DPR ___ (2015). Lo anterior garantiza que podamos ejercer eficazmente nuestra facultad de velar porque la clase togada cumpla con sus obligaciones ético-profesionales. In re Guzmán Ortiz, 2015 TSPR 106, 193 DPR ___ (2015). "La omisión de un abogado de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y hemos resuelto que ello es suficiente para decretar su separación indefinida de la profesión." In re Torres Martínez, *supra*, a la pág. 6. Véanse, además, In re López González, *et al.*, *supra*; In re Guzmán Ortiz, *supra*;

In re Hernández Vázquez, *supra*; In re Bello Rivera, *supra*.

## III

De los Informes sometidos por la Directora del PEJC se desprende que a los licenciados Ezratty, Keeler y Cruz se le notificó su incumplimiento, se les dio oportunidad de ser oídos mediante la celebración de una vista informal y se les concedió amplia oportunidad para cumplir con las horas crédito requeridas de educación jurídica continua. No obstante, optaron por incumplir con las exigencias reglamentarias en cuestión y por desatender, tanto los requerimientos del Programa como las órdenes de este Tribunal.

Como bien expresara la Directora del PEJC en cada uno de sus escritos, la conducta pasiva de estos letrados, además de representar un costo a los recursos del Programa, incide en el compromiso de éstos de mantener la excelencia de la profesión, según lo exige el Canon 2 del Código de Ética Profesional. Asimismo, el proceder de cada uno de los abogados ante nuestra consideración, atenta contra nuestra autoridad y obstaculiza nuestra facultad disciplinaria.

**A.  In re: Harry A. Ezratty Samo, TS-3528**

El **licenciado Ezratty** incumplió con los requisitos reglamentarios de educación jurídica continua para los periodos comprendidos entre los años 2007 al 2013.

Asimismo, desacató los requerimientos del PEJC e hizo caso omiso a nuestras órdenes.

**B.   In re: Richard F. Keeler Vázquez, TS-4261**

En cuanto al **licenciado Keeler**, además de no cumplir con las horas créditos de educación jurídica continua para los periodos del 2007-2009 y del 2012-2014, ignoró nuestras órdenes, así como los requerimientos del PEJC. Tampoco actualizó su dirección postal y física en la base de datos del RUA, conforme lo exige la Regla 9(j) del Reglamento de este Tribunal.

**C.   In re: Luz C. Cruz Vázquez, TS-4491**

La **licenciada Cruz** también incumplió los requisitos de educación jurídica continua para los periodos comprendidos entre los años 2007 y 2013. No respondió a nuestras órdenes ni a los requerimientos del PEJC. Por último, no cumplió con su deber de mantener actualizada su dirección postal para recibir las notificaciones en la base de datos del RUA, conforme lo prescribe la Regla 9(j) del Reglamento de este Tribunal.

**IV**

Por las razones antes expuestas, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Harry A. Ezratty Samo, del Lcdo. Richard F. Keeler Vázquez y de la Lcda. Luz C. Cruz Vázquez. Como consecuencia, le ordenamos a cada uno de los letrados notificar a todos sus clientes, si alguno, de su inhabilidad para continuar representándolos,

devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos en los que tengan algún asunto pendiente. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese al Lcdo. Harry A. Ezratty Samo, quien no reside actualmente en Puerto Rico, por correo certificado con acuse de recibo; y a los licenciados Richard F. Keeler Vázquez y Luz C. Cruz Vázquez por correo regular, así como personalmente por el Alguacil de este Tribunal, a su última dirección conocida.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

| | | |
|---|---|---|
| Harry A. Ezratty Samo | TS-3528 | |
| Richard F. Keeler Vázquez | TS-4261 | Conducta |
| Luz C. Cruz Vázquez | TS-4491 | Profesional |

SENTENCIA

En San Juan, Puerto Rico a 8 de enero de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Harry A. Ezratty Samo, del Lcdo. Richard F. Keeler Vázquez y de la Lcda. Luz C. Cruz Vázquez, a partir de su notificación.

Como consecuencia, le ordenamos a cada uno de los letrados notificar a todos sus clientes, si alguno, de su inhabilidad para continuar representándolos, devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos en los que tengan algún asunto pendiente. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

Notifíquese al Lcdo. Harry A. Ezratty Samo, quien no reside actualmente en Puerto Rico, por correo certificado con acuse de recibo. Notifíquese, además, al Lcdo. Richard F. Keeler Vázquez y a la Lcda. Luz C. Cruz Vázquez por correo regular, así como

personalmente por el Alguacil de este Tribunal a su última dirección conocida.

Así lo pronunció y ordena el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo