EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Juan Aragón Longo | 2018 TSPR 120 <br><br> 200 DPR ____ |

Número del Caso: TS-15,951


Fecha: 6 de abril de 2018


Abogado de la parte promovida:

        Por derecho propio


Programa de Educación Jurídica Continua:

        Lcdo. José Ignacio Campos Pérez


Materia:  La suspensión será efectiva el 2 de julio de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Juan Aragón Longo                    TS-15,951

*PER CURIAM*

En San Juan, Puerto Rico, a 6 de abril de 2018.

Una vez más nos vemos obligados a suspender del ejercicio de la abogacía y la notaría a un miembro de la profesión legal que incumplió con las órdenes de este Tribunal y que faltó a su deber de mantener actualizada su información en el Registro Único de Abogados y Abogadas del Tribunal Supremo(RUA).

I.

El licenciado Juan Aragón Longo fue admitido al ejercicio de la abogacía el 29 de agosto de 2006 y al ejercicio de la notaría el 30 de octubre del mismo año.

Años más tarde, el 4 de marzo de 2011 y el 15 de febrero de 2013, para ser específicos, el Programa de Educación Jurídica Continua (en adelante,

"Programa o PEJC") le remitió al licenciado Aragón Longo dos *Avisos de Incumplimiento* con los requisitos del referido Programa para los periodos 2009-2010 y 2011-2012, respectivamente.

En dichas comunicaciones se le concedió al referido letrado un término de sesenta (60) días para subsanar las mencionadas deficiencias y para pagar la multa por cumplimiento tardío, conforme lo exige la Regla 30(c) del Reglamento del PEJC. El letrado en cuestión hizo caso omiso a dicho requerimiento.

Tras el incumplimiento del licenciado Aragón Longo con los requerimientos del PEJC, la referida dependencia de este Tribunal señaló la celebración de una vista informal para el 14 de noviembre de 2013. La misiva notificando la celebración de dicha vista fue enviada a la dirección del letrado que aparecía en el RUA. No obstante, y luego de celebrada la vista sin la comparecencia del licenciado Aragón Longo, la mencionada comunicación escrita fue devuelta al PEJC, por el servicio postal, por ésta no ser reclamada ("*Return to Sender, Unclaimed, Unable to Forward*").

Así las cosas, el 17 de noviembre de 2014 el PEJC envió al licenciado Aragón Longo, por correo electrónico, el *Informe del Oficial Examinador* y la determinación de la entonces Directora Ejecutiva del PEJC, la Hon. Geisa M. Marrero Martínez, sobre la vista celebrada el 14 de

noviembre del mismo año. En dicha comunicación se apercibió al referido letrado que, de no subsanar la deficiencia con los requisitos del PEJC para el periodo 2009-2010 y pagar la multa por cumplimiento tardío en un término de treinta (30) días, según se le había requerido previamente, el asunto sería referido ante este Tribunal.

En el ínterin, y por su incumplimiento con los requisitos del PEJC para el periodo 2011-2012, la mencionada dependencia de este Tribunal citó al licenciado Aragón Longo a una nueva vista informal a celebrarse el 4 de diciembre de 2014. Esta vez, dicha comunicación fue enviada a la dirección postal del referido letrado que constaba en el RUA. No obstante, al igual que ocurrió con la notificación previa, la misma fue devuelta por el servicio postal al no ser reclamada (*"Return to Sender, Unclaimed, Unable to Forward"*) por este último.

En aras de lograr comunicarse con el licenciado Aragón Longo, el PEJC decidió enviar la mencionada comunicación a la dirección de correo electrónico del referido letrado, según constaba en el RUA. En esta ocasión, el referido letrado recibió la citación a vista informal por parte del PEJC.

Habiendo recibido la mencionada comunicación electrónica, el licenciado Aragón Longo compareció a la vista informal mediante escrito enviado por correo postal. En el mismo, le comunicó al PEJC que se encontraba

residiendo en el estado de Florida, Estados Unidos, desde el año 2012 y que desde entonces no practicaba la profesión. Añadió que, por razones de salud, estaba imposibilitado de regresar a Puerto Rico y ejercer la profesión de la abogacía. Por esa razón, solicitó que se le relevara de cumplir con los requisitos del PEJC y se le orientara sobre el procedimiento para cambiar su estatus en el RUA a abogado inactivo. Empero, el letrado no indicó qué problemas de salud le impedían el ejercicio de la profesión y, en consecuencia, el cumplimiento con los requisitos del PEJC.

Evaluada la comparecencia del licenciado Aragón Longo, el 19 de septiembre de 2016 el PEJC le notificó a este último el *Informe del Oficial Examinador* y la determinación del Director de la referida dependencia de este Tribunal, el licenciado José Ignacio Campos Pérez, respecto a la vista celebrada por su incumplimiento con los requisitos del Programa para el periodo 2011-2012. En dichas comunicaciones se le informó al referido letrado que éste no había justificado su incumplimiento con los requisitos del PEJC, por lo que se referiría el asunto a la Junta del Programa para que esta decidiera si su caso debería ser elevado ante esta Curia. Además, se le indicó al abogado en cuestión que, de referirse su caso a este Tribunal, también se nos informaría sobre el incumplimiento de éste con los requisitos en los periodos

posteriores, entiéndase los periodos 2011-2012 y 2013-2014. Atendido el mencionado asunto por la Junta del PEJC, esta decidió referir el mismo a este Tribunal.

De conformidad con lo anterior, el 9 de marzo de 2017 compareció ante nos el licenciado José Ignacio Campos Pérez, Director Ejecutivo del PEJC, mediante *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*, en el cual le comunicó a este Tribunal que el licenciado Aragón Longo ha incumplido con los requisitos de educación jurídica continua para los periodos 2009-2010, 2011-2012 y 2013-2014.[1] Asimismo, indicó que el mencionado letrado no había pagado la multa por cumplimiento tardío, conforme lo exige la Regla 30(C) del Reglamento del PEJC para ninguno de los periodos.

Evaluado el referido *Informe*, el 26 de abril de 2017 este Tribunal emitió una *Resolución*, notificada el 27 de abril de 2017, en la que se le concedió al licenciado Aragón Longo un término de veinte (20) días para que compareciera ante nos y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. No obstante, la mencionada comunicación nuevamente no fue reclamada ("*Return to Sender, Unclaimed,*

---

[1] Es menester señalar que, en el referido Informe el Director del PEJC indica que en cuanto al periodo 2013-2014 al licenciado Aragón Longo se le notificó un Aviso de Incumplimiento, el 19 de febrero de 2015, pero este no ha sido citado a una vista informal.

*Unable to Forward"*) por el referido letrado, por lo que fue devuelta por el servicio postal.

Tras el incumplimiento del licenciado Aragón Longo con nuestra orden de 26 de abril de 2017, emitimos una segunda *Resolución* el 26 de enero de 2018, notificada el 2 de febrero de 2018, en la que se le concedió a éste un término final de diez (10) días, para cumplir con lo ordenado en la *Resolución* del 26 de abril de 2017. Dicha *Resolución* fue notificada a la dirección del licenciado Aragón Longo, en el estado de Florida, que surgía del escrito de comparecencia a la vista informal ante el PEJC para el periodo 2011-2012. No obstante, una vez más, la misma fue devuelta por el servicio postal por no ser reclamada (*"Return to Sender, Unclaimed, Unable to Forward"*).

Narrado el trasfondo fáctico ante nos, procedemos, pues, a exponer la normativa aplicable a este asunto.

II.

A.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX, recoge las normas de conducta que rigen a los miembros de la profesión legal, ello con el objetivo de promover, en nuestro país, el desempeño personal y profesional de los abogados y las abogadas conforme a los más altos principios de conducta. *In re Cruz Liciaga,* 2017

TSPR 160; *In re Franco Rivera,* 197 DPR 628, 634 (2017); *In re López Santos,* 2016 TSPR 37, 194 DPR 960 (2015). El incumplimiento con estas normas que imponen la ley y el ordenamiento ético puede acarrear serias sanciones disciplinarias. *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Asencio Márquez*, 183 DPR 659 (2011).

En particular, y en lo pertinente al caso que nos ocupa, el Código de Ética Profesional a través de su Canon 9, 4 LPRA Ap. XI, C. 9, requiere que todo abogado y abogada observe "para con los tribunales una conducta que se caracterice por el mayor respeto". *In re Cruz Liciaga*, *supra*; *In re López Méndez*, 196 DPR 956 (2016); *In re Montalvo Delgado*, 196 DPR 541 (2016); *In re Torres Rodríguez,* 188 DPR 304 (2013). Conforme se ha interpretado en reiteradas ocasiones, lo anterior incluye el deber de todo abogado y abogada de responder a los requerimientos y órdenes de este Foro con la mayor diligencia, particularmente cuando se trata de procesos disciplinarios. *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Irizarry Irizarry*, *supra*; *In re Martínez Romero*, 188 DPR 511 (2013); *In re Lugo Cruz*, 188 DPR 112 (2013).

La desatención o el incumplimiento, por parte de los abogados o abogadas, con los requerimientos u órdenes judiciales constituye un serio agravio a la autoridad de los tribunales que, a su vez, infringe el Canon 9 del

Código de Ética Profesional, *supra. In re López Méndez, supra; In re Pestaña Segovia, supra; In re García Incera,* 177 DPR 329 (2010); *In re Maldonado Rivera,* 147 DPR 380 (1999). Consecuentemente, cuando un abogado o abogada ignora las órdenes de este Tribunal y se muestre indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias, procede su suspensión indefinida e inmediata de la abogacía. *In re Pérez Román,* 191 DPR 186, 188 (2014); *In re Martínez Romero, supra; In re Arroyo Rivera,* 182 DPR 732, 735-736 (2011); *In re Montalvo Guzmán, supra.*

B.

De otra parte, y por también considerarlo en extremo pertinente para la correcta disposición del proceso disciplinario que nos ocupa, conviene recordar que la Regla 9(j) del Reglamento del Tribunal Supremo establece que todo abogado o abogada "tendrá la obligación de mantener actualizados sus datos en el Registro Único de Abogados". 4 LPRA Ap. XXI-B. El fiel cumplimiento con este deber hace viable el ejercicio eficaz de nuestra función de velar por el cumplimiento de los abogados con los deberes impuestos por nuestro ordenamiento deontológico. *In re Pratts Barbarossa,* 2018 TSPR 5; *In re López Méndez, supra; In re Marichal Morales,* 195 DPR 115 (2016). Ello, pues la omisión de un abogado de mantener actualizados sus datos en el RUA obstaculiza sustancialmente el ejercicio de nuestra

jurisdicción disciplinaria. *In re López Méndez, supra; In re Ezratty Samo,* 2016 TSPR 19, 194 DPR 960 (2016); *In re Arroyo Acosta*, 192 DPR 848, 852 (2015). Cónsono con lo anterior, en numerosas ocasiones hemos reiterado que el incumplimiento con esta obligación, por sí solo, es fundamento suficiente para suspender inmediata e indefinidamente a un abogado o abogada del ejercicio de la profesión. *In re Pratts Barbarossa*, *supra; In re Arroyo Acosta, supra,* pág. 852; *In re Guzmán Ortiz,* 2015 TSPR 106, 193 DPR 1022 (2015).

## III.

Como ha quedado claramente demostrado, en el presente caso, el licenciado Aragón Longo ha incumplido, en reiteradas ocasiones, con las órdenes de este Tribunal. De igual forma, los innumerables esfuerzos para contactar al mismo han resultado infructuosos. Ello, en gran parte, se ha debido a que éste no ha actualizado su información en el RUA.

Sin duda alguna, el incumplimiento del referido letrado con su obligación de mantener actualizada su información personal en el RUA ha obstaculizado nuestra jurisdicción disciplinaria, lo que constituye una violación a la Regla 9(j) del Reglamento de este Tribunal. Como mencionamos previamente, incumplir con dicha obligación es suficiente para imponerle al licenciado Aragón Longo, sanciones disciplinarias severas y suspenderlo

indefinidamente del ejercicio de la profesión por su conducta para con este Tribunal.

En vista de lo anterior, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Además, se le impone al licenciado Aragón Longo el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días. En la eventualidad de que solicite reinstalación al ejercicio de la profesión legal el licenciado Aragón Longo deberá acreditar el cumplimiento con los requisitos del PEJC.

Se ordena, también, al Alguacil de este Tribunal a realizar todas las gestiones necesarias para incautar su obra notarial, incluyendo su sello notarial, y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe a este Tribunal. La fianza notarial del licenciado Aragón Longo queda automáticamente cancelada. La misma se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el letrado durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Aragón Longo                TS-15,951

SENTENCIA

En San Juan, Puerto Rico, a 6 de abril de 2018.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al licenciado Aragón Longo inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Además, se le impone al licenciado Aragón Longo el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días. En la eventualidad de que solicite reinstalación al ejercicio de la profesión legal el licenciado Aragón Longo deberá acreditar el cumplimiento con los requisitos del Programa de Educación Jurídica Continua.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo